[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15276
Non-Argument Calendar
_____

D.C. Docket No. 1:92-cr-01027-MP-AK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDGAR ARNOLD GARCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 23, 2018)

Before MARTIN, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Edgar Garcia, proceeding *pro se*, appeals the district court's denial of his motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the Sentencing Guidelines.  Because the district court did not abuse its discretion in denying his § 3582(c)(2) motion, we affirm.[1]

## I.

Before reaching Garcia's arguments, we recount some of the history of his criminal case to place this appeal into context.  Garcia was convicted in 1997 of conspiracy to possess with intent to distribute marijuana and to distribute marijuana, in violation of 21 U.S.C. §§ 814(b)(1)(B) and 846; and use of a firearm during a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).

At sentencing, the sentencing court held Garcia responsible for 498.9 kilograms of marijuana, resulting in a base offense level of 28 under the drug-quantity tables in place at the time.  The court added a four-level increase for Garcia's role in the offense and a two-level increase for obstruction of justice, yielding a total offense level of 36.  That offense level and Garcia's criminal-history category of I established a guideline range of 151 to 188 months of imprisonment for the drug offense.  Garcia faced a mandatory consecutive term of at least 60 months of imprisonment for the firearm offense.

---

[1] Garcia's motion for oral argument is DENIED.

2

After calculating the guideline range and hearing testimony from various witnesses, the district court applied a discretionary upward departure, pursuant to U.S.S.G. § 5K2.1, based on evidence that Garcia murdered a buyer who failed to pay for a marijuana shipment. *See* U.S.S.G. § 5K2.1 ("If death resulted, the court may increase the sentence above the authorized guideline range."). The court found this "deliberate murder" an aggravating circumstance related to the offense of conviction. Looking to comparable guideline provisions—specifically § 2D1.1(a)(2) (base offense level of 38 if death results from the use of drugs), and § 2A1.1 (base offense level of 43 for first-degree murder)—the court upwardly departed to an offense level of 39, which yielded a guideline range of 262 to 327 months of imprisonment. The court then sentenced Garcia to 300 months on the drug offense and a consecutive term of 60 months on the firearm offense.

Garcia appealed, and we affirmed his convictions and sentences. *United States v. Garcia*, 208 F.3d 1258 (11th Cir. 2000). Among other errors asserted on appeal, Garcia claimed that, due to an extradition treaty between the United States and Canada, he could not be punished for the uncharged murder because he was extradited solely for the marijuana offense. *Id.* at 1260. We rejected that argument, explaining that the extradition treaty "does not restrict the scope of proof of other crimes that may be considered in the sentencing process" and that the

3

murder was relevant conduct properly considered "as a matter germane to the determination of punishment for the extradited crime." *Id.* at 1261.

The Supreme Court granted certiorari, vacated the judgment, and remanded the case to this Court for further consideration in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). We reinstated our previous opinion on remand because Garcia had failed to raise an *Apprendi*-type claim in his original briefing. *See United States v. Garcia*, 251 F.3d 160 (11th Cir. 2001) (unpublished table decision). We denied rehearing en banc, and the Supreme Court denied certiorari. Garcia unsuccessfully pursued post-conviction relief under 28 U.S.C. § 2255.

In 2015, Garcia filed a counseled 18 U.S.C. § 3582(c)(2) motion seeking a sentence reduction under Amendment 782, which reduced by two levels the base offense level for most drug-trafficking offenses. He contended that Amendment 782 had the effect of lowering his offense level from 39 to 37 and his guideline range from 262–327 months to 210–262 months.

Garcia argued that a reduction was warranted in light of the 18 U.S.C. § 3553(a) sentencing factors. In support, he cited his personal characteristics and post-sentencing conduct, including his family support and model behavior while in prison. He also addressed the nature and seriousness of the offense, maintaining that his original sentence included several errors, that this case was about marijuana, not murder, and that there were mitigating facts about the murder that

the sentencing court did not take into account. He said that the court needed to hold an evidentiary hearing if it intended to deny a sentence reduction based on the § 5K2.1 upward departure. Garcia asked for a reduced sentence of 240 months. The government did not file a response.

The district court entered a detailed order denying Garcia's § 3582(c)(2) motion. After reviewing the procedural history of the case, which we have recounted above, the court addressed Garcia's eligibility for a sentence reduction. The court explained that eligibility is based on the amended guideline range, which is calculated "before considering any departure provision, such as 5K2.1." Based on the pre-departure calculations, the court determined that Amendment 782 would result in Garcia having a base offense level of 26, a total offense level of 32, and an amended guideline range of 121 to 151 months of imprisonment.

As for the § 5K2.1 upward departure, the district court noted that a § 3582(c)(2) proceeding is not a full resentencing, and it found that the upward departure for the murder still applied. Because the total offense level of 39 was "based primarily on the murder" and a comparison to the offense levels in other guideline provisions, the court explained, Garcia was "not entitled to a sentence reduction." "Furthermore," the court continued, "as § 3582 motions are discretionary, there is no abuse of discretion in denying this motion."

5

Finally, the district court addressed Garcia's arguments that a sentence reduction was warranted in light of the § 3553(a) factors and his post-sentencing conduct. The court summarized these arguments and then addressed one in particular: Garcia's claim that this case was about marijuana, not murder. The court responded that Garcia did not need to be charged with murder for that conduct to be considered as an aggravating factor at sentencing. Again noting that it was not conducting a full resentencing, the court stated that the sentencing court's original determination should stand.

Ultimately, the district court exercised its discretion to deny Garcia's § 3582(c)(2) motion. In making that determination, the court stated that it had considered "the sentencing factors under 18 U.S.C. § 3553, the circumstances of the case and associated murder, the public safety implications, and the applicable policy statements issued by the Sentencing Commission." Garcia now appeals.

## II.

We review de novo a district court's legal conclusions as to the scope of its authority under 18 U.S.C. § 3582(c)(2). *United States v. Gonzalez-Murillo*, 852 F.3d 1329, 1334 (11th Cir. 2017). If a sentence reduction is authorized, we review for an abuse of discretion the court's decision to deny a reduction. *United States v. Jules*, 595 F.3d 1239, 1241–42 (11th Cir. 2010). Under this standard, the court is allowed a "range of choice." *United States v. Drury*, 396 F.3d 1303, 1315 (11th

Cir. 2005). When reviewing for an abuse of discretion, we will affirm unless the court has applied the wrong legal standard, has failed to follow proper procedures, or has made a clear error of judgment. *Jules*, 595 F.3d at 1242; *Drury*, 396 F.3d at 1315.

## III.

Section 3582(c)(2) provides a limited exception to the general rule that criminal sentences may not be modified once imposed. Under § 3582(c)(2), a sentence reduction is available to defendants whose sentencing range has been lowered by a retroactive amendment to the Sentencing Guidelines. *See* 18 U.S.C. § 3582(c)(2). Any reduction, however, must be consistent with the Sentencing Commission's policy statements. *Id.* § 3582(c)(2).

The binding policy statement that governs § 3582(c)(2) sentence reductions, U.S.S.G. § 1B1.10, contemplates a two-step process. *Dillon v. United States*, 560 U.S. 817, 826–27 (2010). First, the court must determine the defendant's eligibility for a reduction. Under § 1B1.10, a reduction is authorized only if a retroactive amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(1)–(2).

To determine the effect of an amended guideline, the court must calculate the range that would have applied if the amendment had been in effect at the time of sentencing. *Id.* § 1B1.10(b). The court must substitute the amended guideline

7

for the one originally used and "leave all other guideline application decisions unaffected." *Id.* Notably, however, departures and variances are excluded from these calculations. *See id.* § 1B1.10 cmt. n.1(A); *see United States v. Vautier*, 144 F.3d 756, 761 (11th Cir. 1998) (discretionary departures are not "guideline application decisions" that remain intact when calculating the amended range). That is, the defendant's "applicable guideline range," and therefore his or her eligibility for a sentence reduction, is based on the range "determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A); *see Gonzalez-Murillo*, 852 F.3d at 1336.

If a prisoner is eligible, the district court then exercises "its discretion to decide whether, in consideration of the § 3553(a) factors, to reduce the sentence and, if so, by how much." *Gonzalez-Murillo*, 852 F.3d at 1335. At this second step, the court "must consider the sentencing factors listed in 18 U.S.C. § 3553(a), as well as public safety considerations, and may consider the defendant's post-sentencing conduct."[2] *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009); *see* U.S.S.G. § 1B1.10 cmt. n.1(B). The court is not required to discuss each § 3553(a) factor as long as the record as a whole demonstrates that the

---

[2] The § 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable guideline range, and the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to afford adequate deterrence to criminal conduct, and to protect the public. 18 U.S.C. § 3553(a)(1)–(2), (4).

pertinent factors were taken into account.  *Williams*, 557 F.3d at 1256; *see also United States v. Smith*, 568 F.3d 923, 927–29 (11th Cir. 2009).

Because departures and variances are not included when calculating a defendant's amended guideline range, the district court, in ruling on a § 3582(c)(2) motion, is not bound by a prior decision to depart or vary.  *See Vautier*, 144 F.3d at 761–62 ("[T]he district court's discretionary decision whether to depart from the amended guidelines range is not dictated or mandated by either its prior decision to depart or the extent of the prior departure.").  Instead, the court generally has the discretion to consider departures and variances at the second step when evaluating whether and, if so, to what extent, a sentence reduction is warranted.  *See id.*  The only strict limits § 1B1.10 sets on the court's discretion are that the reduced term of imprisonment may not be below the amended guideline range, except in cases of substantial assistance, U.S.S.G. § 1B1.10(b)(2)(A), (B), or "less than the term of imprisonment the defendant has already served," *id.* § 1B1.10(b)(2)(C).

Before turning to Garcia's arguments, we pause to emphasize that proceedings under § 3582(c)(2) "do not constitute a full resentencing of the defendant."  U.S.S.G. § 1B1.10(a)(3).  The purpose of § 3582(c)(2) is simply to give a defendant the "opportunity to receive the same sentence he would have received if the guidelines that applied at the time of his sentencing had been the same as the guidelines that applied after the amendment."  *United States v. Glover*,

686 F.3d 1203, 1206 (11th Cir. 2012).  As a result, the court generally is limited to the universe of facts as of the date of the original sentencing hearing, besides post-sentencing conduct if the court chooses to consider it.  *See United States v. Hamilton*, 715 F.3d 328, 340 (11th Cir. 2013) (stating that the court "may not enter any new finding that is inconsistent with a finding it made in the original sentence proceeding").  The court may not consider "extraneous resentencing issues," such as constitutional claims, which should instead be raised in a collateral proceeding under 28 U.S.C. § 2255.  *United States v. Bravo*, 203 F.3d 778, 782 (11th Cir. 2000).

## IV.

Garcia argues that the district court abused its discretion by relying on the original sentencing court's constitutionally infirm and erroneous sentencing decisions to deny his § 3582(c)(2) motion.  The sentencing court, according to Garcia, committed the following errors: (1) it violated the rule of *Apprendi* by sentencing him for a violation of 21 U.S.C. § 841(b)(1)(B) (100 kilograms or more of marijuana), which carries a statutory range of 5 to 40 years of imprisonment, when the indictment simply lists a violation of § 841, which under current law would have capped his sentence at 20 years; (2) it erroneously determined that the murder was "relevant conduct" to the marijuana-conspiracy offense within the

meaning of U.S.S.G. § 1B1.3; and (3) it wrongly applied the § 5K2.1 departure based on faulty methodology and without holding an evidentiary hearing.

Garcia does not challenge these alleged errors directly, correctly recognizing that the district court was not authorized to correct them under § 3582(c)(2). *See Dillon*, 560 U.S. at 831 (stating that aspects of the original sentence that are not affected by the amended guideline "are outside the scope of the proceeding authorized by § 3582(c)(2)"); *Bravo*, 203 F.3d at 782 (stating that "extraneous resentencing issues," like constitutional claims of *Apprendi*-error, are outside the scope of § 3582(c)(2) proceedings). Instead, Garcia maintains that it was an abuse of discretion for the court to rely on these same errors in denying him a discretionary sentence reduction. For instance, Garcia argues the court should have reduced his sentence to 240 months of imprisonment to correct the clear *Apprendi* error and to bring his sentence into conformity with current law.

As we have noted, § 3582(c)(2) proceedings are limited in scope and "do not constitute a full resentencing." U.S.S.G. § 1B1.10(a)(3). In Garcia's view, a court could abuse its discretion based on errors in the original sentence that have nothing to do with the amended guideline. That, in turn, would greatly expand the scope of the § 3582(c)(2) proceeding and effectively transform it into a full resentencing. Accordingly, we cannot say that it is an abuse of discretion for a district court to

11

refuse to grant a discretionary reduction in order to remedy an original sentencing error.

Turning to the district court's order denying Garcia's § 3582(c)(2) motion, we conclude that the court did not abuse its discretion in denying Garcia a sentence reduction. The court properly conducted the two-step inquiry, first correctly calculating the amended guideline range and then exercising its discretion to deny a sentence reduction. In denying a reduction, the court did not fail to apply the proper legal standard or to follow proper procedures, and we cannot say that its decision was unreasonable under the circumstances. *See Jules*, 595 F.3d at 1242; *Drury*, 396 F.3d at 1315.

At the first step, the district court correctly calculated Garcia's amended guideline range to be 121 to 151 months of imprisonment. As the court explained, a defendant's eligibility is determined "before consideration of any departure provision, such as § 5K2.1." Substituting the amended guideline of Amendment 782 reduces Garcia's base offense level from 28 to 26 and his total offense level from 34 to 32. Therefore, Garcia was eligible for a sentence reduction under § 3582(c)(2) because Amendment 782 has "the effect of lowering [his] applicable guideline range" from 151–188 months to 121–151 months. U.S.S.G. § 1B1.10(a)(1)–(2).

The fact that Garcia was eligible, however, does not mean he was entitled to a sentence reduction. Rather, it was within the district court's discretion at the second step "to decide whether, in consideration of the § 3553(a) factors, to reduce the sentence and, if so, by how much." *Gonzalez-Murillo*, 852 F.3d at 1335.

And here, the district court did not abuse its considerable discretion by denying a reduction. To begin with, the court's order reflects that it took all pertinent factors into account. After correctly calculating the amended range, the court expressly considered Garcia's arguments relating to the § 3553(a) factors, the alleged sentencing errors, and his post-sentencing conduct. The district court also stated that it had considered the § 3553(a) factors, the circumstances of the case and the associated murder, public-safety implications, and policy statements made by the Sentencing Commission. While the district court did not separately address each of these factors, the court's decision adequately reflects that the pertinent factors were taken into account. *See Williams*, 557 F.3d at 1256.

As for the murder, we stated in Garcia's direct appeal nearly twenty years ago that it was properly considered "as a matter germane to the determination of punishment" for the marijuana offense. *Garcia*, 208 F.3d at 1261. Garcia shot a man to death in connection with that offense. That violent act alone provides a reasonable basis for the court's decision to deny a sentence reduction. It bears upon Garcia's history and characteristics, 18 U.S.C. § 3553(a)(1), as well as

13

public-safety considerations, U.S.S.G. § 1B1.10 cmt. n.1(B)(ii). Additionally, as the court noted, the guideline range under which Garcia ultimately was sentenced was based primarily on the murder. As a result, it was not unreasonable for the district judge, who also conducted the original sentencing, to determine that Garcia should not benefit from an amended guideline that did not affect the main driver of his sentence.

Garcia's arguments relating to the § 5K2.1 upward departure are unavailing. The district court was not required to hold an evidentiary hearing on this issue. *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1249 (11th Cir.) ("[D]istrict courts are not required to hold hearings in § 3582 proceedings or to even have the defendant present."), *cert. denied*, 138 S. Ct. 566 (Dec. 11, 2017). Nor would the requested hearing have been consistent with the limited scope of the § 3582(c)(2) proceeding, since, among other issues, Garcia sought to rely on facts not before the original sentencing court. *See Hamilton*, 715 F.3d at 340.

While Garcia is correct that the district court was not bound by the original decision to depart upward under § 5K2.1 or by the extent of the departure, *see Vautier*, 144 F.3d at 761–62, the court also was not required to reevaluate its original methodology. Nor did the court abuse its discretion in denying a reduction based in substantial part on the murder. Finally, despite some ambiguous comments by the court about the departure, the court did not find Garcia ineligible

14

for relief based on the § 5K2.1 departure, which would have been a legal error. *See* U.S.S.G. § 1B1.10 cmt. n.1(A).  Rather, the district court correctly recognized that a sentence reduction was authorized but that the decision to grant a reduction was discretionary.

For these reasons, we affirm the denial of Garcia's § 3582(c)(2) motion.

**AFFIRMED.**